## THE PEOPLE *vs.* ROBERT McGRA.

THE words "adjoining to or occupied with a dwelling house," as used in § 5756. C. L., have a legal signification different from the literal construction, or popular understanding of that language.

The language referred to, in that connectien, is designed to bring the case within the common law definition of burglary, viz: out-houses within the curtilage — adjoining to the dwelling and *occupied as part thereof.*

*Tried Dec. 2d, 1869, in the Circuit Court for the County of Kalamazoo.*

The respondent was charged under § 5756, C. L., with burglary, in breaking and entering the "store" of one Bartlett, at 242, Main street, Kalamazoo.

Immediately west of the building occupied by Bartlett, and separated from it by only a partition wall, is the store building of Johnson & Sheldon. Over Johnson & Sheldon's store is a room occupied by a Mrs. Paine and family, as a shop and dwelling. To reach this room, is a flight of stairs, from the street, between Bartlett's and Johnson's building, at the top of which is a door on the right, entering the second story of Bartlett's building, and one at the left, entering Mrs. Paine's room.

The language of the statute under which the respondent was informed against, is as follows: "Every person who shall break and enter, in the night time, any office, shop, railroad depot, or warehouse, *not adjoining to or occupied with a dwelling house,*" &c., "shall be punished, &c."

The Court was requested, by respondent's counsel to charge the Jury that "if they should find that a family lived in, and occupied the second story of the store next to and adjoining the one broken into, as their only dwelling, or sleeping apartment, it is their duty to acquit the respondent."

Many other points were raised on the trial, and the Court was requested, in behalf of the respondent, to charge the Jury cn some fifteen distinct propositions. Some of those were elementary, and others have been so often passed upon, that it is not thought advisable to insert them here.

So much, only, of the charge of the Court as bears upon the request above quoted, is given.

*J. C. Burrows*, Pros. Att'y., for the People.

*Geo. M. Buck and Arthur Brown*, for Respondent.

*By the Court*, BROWN, *Judge*. — On the part of the respondent, it is claimed that the store, in which the alleged offence was committed, adjoined a dwelling house, and that therefore it would be impossible for him to commit the crime of burglary by breaking and entering said store, with the intent to steal therefrom, or with any other intent.

Every house for the dwelling and habitation of persons, is said to be a dwelling house. At common law, buildings attached to or within the same curtilage, or enclosure, and under the dominion of the *same proprietor* were said to adjoin each other; or, if the buidings were under the same roof, or if they had an internal communication with the main dwelling.

The question then, is, what is an adjoining house within the meaning of the statute. It has been held, and I think correctly, in a case where a manufactory was carried on in the center building of a great pile, in the wings of which several persons dwelt, but which had no internal communication with these wings, though the roofs of all the buildings were connected, and the entrance to all was out of the same common enclosure; upon the center building being broken and entered, that it could not be considered as part of any dwelling house, but a place for carrying on a variety of trades, and no parcel

of the house adjoining, with none of which it had any internal communication, nor was it to be considered as under the same roof, though the roof had a connection with the roofs of the houses.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*

The words of the statute, "*adjoining to or occupied with a dwelling house*," have a legal signification. They must be taken, read and construed in connection. They mean something more than adjacent or contiguous. They are evidently designed to bring the case within the common law difinition of burglary, viz : out houses within the same enclosure—adjoining to the dwelling and occupied as part thereof.

This construction of the statute will reconcile the several sections on the subject of burglary.

To make the matter even plainer, if possible, the Court advises you that the dwelling house of Mrs. Payne does not, within the meaning of the statute, *adjoin the store building occupied by Mr. Bartlett.*

The respondent was convicted.